# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYE THERESA ZAMMIT, <br>     Plaintiff(s), <br> v. <br> RICHARD SOLOMONS, et al., <br>     Defendant(s). | Case No. 2:21-cv-00738-JAD-NJK <br><br> **REPORT AND RECOMMENDATION** |

Currently pending before the Court is an order for Hank Falstad to show cause why he should not be declared a vexatious litigant subject to a prefiling injunction. Docket No. 3.[1] Mr. Falstad has since filed a response to the order to show cause, Docket No. 11, along with several additional letters to the Court, Docket Nos. 5-10, 12-16.[2] For the reasons discussed more fully below, the undersigned **RECOMMENDS** that Mr. Falstad be declared a vexatious litigant subject to a prefiling injunction.

**I.   BACKGROUND**

This case was initiated by non-attorney and non-party Hank Falstad purportedly on Plaintiff's behalf, along with 139 other similar cases that Mr. Falstad filed the same day. Although there is some variation, the cases generally consist of years-old claims that buildings or other facilities are not compliant with the Americans with Disabilities Act. *See, e.g.*, Docket No. 1-1 at 23. The complaints generally seek declaratory relief, along with tens of thousands of dollars for

---

[1] Citations herein to only a docket number refer to documents filed in this particular case. Citations to filings in other cases will provide the case information for that specific case.

[2] As Mr. Falstad is not an attorney, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

an "ADA Accessibility Inspection Survey" and thousands of dollars in other "architect costs." *See, e.g.*, *id.*

No filing fee was paid and no *in forma pauperis* application was filed. The complaints were signed by Mr. Falstad, who identifies himself as an ADA architect. *See, e.g.*, Docket No. 1-1 at 1. The complaints were not signed by any plaintiff or licensed attorney. *See, e.g.*, Docket No. 1-1 at 24. Mr. Falstad has indicated that he has standing to bring these claims because the federal government has failed to pursue relief. *See* Docket No. 7; *see also* Docket No. 9. Mr. Falstad instructs that one of the judges assigned to this case simply needs to meet with him to work out the details of his obtaining relief. *See* Docket Nos. 6, 7.

Concurrently with the issuance of the order to show cause, the Court issued an order in each case requiring a properly signed complaint be filed and that either a filing fee must be paid or an *in forma pauperis* application must be filed. *See, e.g.*, Docket No. 4 at 29-30. The results from that order are illustrative. One plaintiff in these cases expressed a desire to proceed with the litigation. *See Trottier v. Knapp*, No. 2:21-cv-00822-JAD-NJK, Docket No. 6 (D. Nev. June 4, 2021); *Trottier v. Gainor*, No. 2:21-cv-00839-JAD-NJK, Docket No. 6 (D. Nev. June 4, 2021). In the vast majority of the cases, the Court's order simply went unanswered by the would-be plaintiffs. *See, e.g.*, *Roberson v. Giunta*, No. 2:21-cv-00740-JAD-NJK (D. Nev.). In dozens of cases, the Court's order was returned as undeliverable mail because the address Mr. Falstad had provided just days earlier for the plaintiff was incorrect. *See, e.g.*, *Houston v. Walmart Supercenter Manager*, No. 2:21-cv-00790-JAD-NJK, Docket No. 5 (D. Nev. June 1, 2021). In a few of the cases, the plaintiffs filed a notice of voluntary dismissal. *See Kenyon v. Portela*, No. 2:21-cv-00768-JAD-NJK, Docket No. 4 at 1 (D. Nev. May 13, 2021); *McArdle v. Cazenovia Props., LLC*, No. 2:21-cv-00787-JAD-NJK, Docket No. 4 at 3 (D. Nev. June 2, 2021); *McArdle v. 79 Albany Street Realty, Inc.*, No. 2:21-cv-00788-JAD-NJK, Docket No. 4 at 3 (D. Nev. June 2, 2021).

In some of these cases, the plaintiffs made plain that they had not authorized the filing of the lawsuit and/or that it was filed fraudulently. For example, an attorney representing Plaintiff Jeanne McArdle explained as follows:

2

> Please be advised that Ms. McArdle neither signed nor approved that litigation be commenced on her behalf. She thinks this relates to discussions she had nearly a decade ago with an individual about ADA access issues at certain locations in Cazenovia, New York. She may have completed a form providing details about access difficulties – she cannot recall given how much time has elapsed. She can say unequivocally that she did not sign a legal complaint and did not know that a lawsuit was filed on her behalf. She is utterly perplexed that litigation was apparently filed on her behalf in the U.S. District Court of Nevada . . .
>
> These lawsuits were not approved by her and should not have been brought.

*See McArdle v. Cazenovia Props., LLC*, No. 2:21-cv-00787-JAD-NJK, Docket No. 4 at 2 (D. Nev. June 2, 2021); *McArdle v. 79 Albany Street Realty, Inc.*, No. 2:21-cv-00788-JAD-NJK, Docket No. 4 at 2 (D. Nev. June 2, 2021). Plaintiff Anthony Amorello filed a notice stating succinctly that "I have not given Mr. Falstad permission to file any lawsuit on my behalf. I do not wish for him to represent me in court regarding this matter or any other." *Amorello v. Kessler*, No. 2:21-cv-00777-JAD-NJK, Docket No. 4 (D. Nev. May 17, 2021). Plaintiff Anissa Kenyon Rahimizad filed a similar notice that:

> I . . . have no idea what this lawsuit is. It was filed under my name by someone without my consent, fraudulently.
>
> I have not filed a lawsuit against anyone, I do not know who submitted it.
>
> Furthermore, whoever did submit it used my aunt's address, which makes no sense to me.
>
> Please drop this case immediately.

*Kenyon v. Portela*, No. 2:21-cv-00768-JAD-NJK, Docket No. 4 at 1 (D. Nev. May 13, 2021).[3]

In short, the record makes clear that Mr. Falstad has engaged in the unauthorized practice of law on a mass scale whereby he has filed suit on behalf of plaintiffs who did not authorize him to do so.

---

[3] Mr. Falstad responded to this notice with a letter indicating that the ADA "is not some trivia [sic] matter to dismiss, as I see in number 2:21-ev-00768-JAD-NJK [sic]." Docket No. 12. Hence, it would appear as if Mr. Falstad seeks to override the will of the plaintiff he purports to represent.

3

## II. STANDARDS

This Court has the power to enter prefiling orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In determining whether a prefiling order is appropriate, the Ninth Circuit has outlined four requirements:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered;" (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The first two considerations are procedural in nature while the latter two are substantive in nature. *Molski*, 500 F.3d at 1057-58. In applying the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

## II.   ANALYSIS

As more fully discussed below, the undersigned concludes through this analysis that Mr. Falstad should be declared a vexatious litigant subject to a prefiling order.

### A.   Notice and Opportunity to be Heard

Mr. Falstad was provided notice and afforded an opportunity to be heard. The Court issued an order for him to show cause, which was mailed to him. Docket No. 3. Mr. Falstad responded to the order to show cause in writing. *See* Docket No. 11; *see also* Docket Nos. 5-10, 12-16.[4]

### B.   Adequate Record for Review

Mr. Falstad filed 140 cases in a single day. *See* Docket No. 4 at 1-29 (caption spanning dozens of pages to identify the 140 cases filed). In three of those cases, the plaintiffs filed notices of voluntary dismissal upon learning of Mr. Falstad's unauthorized actions in initiating the cases. *See Kenyon v. Portela*, No. 2:21-cv-00768-JAD-NJK, Docket No. 4 at 1 (D. Nev. May 13, 2021); *McArdle v. Cazenovia Props., LLC*, No. 2:21-cv-00787-JAD-NJK, Docket No. 4 at 2 (D. Nev. June 2, 2021); *McArdle v. 79 Albany Street Realty, Inc.*, No. 2:21-cv-00788-JAD-NJK, Docket No. 4 at 2 (D. Nev. June 2, 2021); *see also Amorello v. Kessler*, No. 2:21-cv-00777-JAD-NJK, Docket No. 4 (D. Nev. May 17, 2021). In 135 of those cases, the undersigned has issued a report and recommendation for dismissal because the plaintiffs did not respond to the order that the case would be dismissed absent the filing of a properly signed complaint and absent the payment of the filing fee or the filing an application to proceed *in forma pauperis*. *See* Docket No. 17.[5] Finally, one plaintiff has expressed a desire to move forward with litigation, resulting in the transfer of her cases to Minnesota. *Trottier v. Knapp*, No. 2:21-cv-00822-JAD-NJK, Docket No. 8 (D. Nev. Aug.

---

[4] This matter is properly decided without a hearing. *See* Local Rule 78-1. The requirement that a party have an opportunity to be heard does not require a hearing as "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

[5] In dozens of these cases, dismissal is also warranted because Mr. Falstad did not provide a correct address for the plaintiffs. *See, e.g.*, *Houston v. Walmart Supercenter Manager*, No. 2:21-cv-00790-JAD-NJK, Docket No. 5 (D. Nev. June 1, 2021); Local Rule IA 3-1.

3, 2021); *Trottier v. Gainor*, No. 2:21-cv-00839-JAD-NJK, Docket No. 7 (D. Nev. Aug. 3, 2021).[6] In light of the above, the Court has an adequate record for review.

        C.        <u>Frivolousness or Harassing Nature of Cases</u>

Mr. Falstad's positions are patently frivolous. He is a non-attorney who purported to file 140 cases in which he would represent would-be plaintiffs in federal litigation. Such conduct is contrary to long-standing legal authority. "In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *See* 28 U.S.C. § 1654 (emphasis added). Hence, it is well established that non-attorneys are not permitted to represent parties in federal court. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases regarding prohibition of non-lawyers representing others); N.R.S. 7.285 (criminal prohibition against the unauthorized practice of law in Nevada). Mr. Falstad's responses to the order to show cause effectively state without meaningful discussion or persuasive citation to legal authority that the normal rules of litigation do not apply to his ADA litigation. *See* Docket No. 6 ("ADA law is very different").[7] Such position is frivolous.

Similarly, the complaints filed by Mr. Falstad are signed only by him, as opposed to any of the would-be plaintiffs or any licensed attorney. The Federal Rules of Civil Procedure mandate that a complaint initiating a case must be signed by the plaintiff herself or by her attorney. Fed. R. Civ. P. 11(a). The rules do not permit the signing of pleadings by non-attorney representatives. Mr. Falstad has presented effectively no argument to the contrary.

Mr. Falstad also attempted to bring these suits without either paying the filing fee or filing an application to proceed *in forma pauperis*. Initiating a federal lawsuit generally requires the

---

[6] In that transfer order, the Court did not opine as to whether those cases will proceed further once they arrive in Minnesota.

[7] According to Mr. Falstad, "Section 12205 gives that individual enforcement powers that no other law has." Docket No. 6. It would appear that this provision in the ADA is merely an attorney's fees provision for prevailing parties. *See* 42 U.S.C. § 12205. Without elaboration or legal citation, Mr. Falstad simply declares that "Section 12205 references the attorney, in the 21st century that reference is to the ADA architect." Docket No. 13.

payment of a filing fee. *See* 28 U.S.C. § 1914(a).[8] To the extent a plaintiff cannot afford to pay the filing fee, she must file an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). When a plaintiff does not pay the filing fee or file an application to proceed *in forma pauperis*, the case is subject to dismissal. *See, e.g.*, *Desai v. Biden*, 2021 WL 38169, at *1 (E.D. Cal. Jan. 5, 2021), *adopted*, 2021 WL 276236 (E.D. Cal. Jan. 27, 2021). Again, Mr. Falstad has presented effectively no argument as to how his initiation of these cases could be appropriate without the payment of a filing fee or the filing of an application to proceed *in forma pauperis*. *See, e.g.*, Docket No. 14 at 1 (stating without elaboration that "[t]he Plaintiff pays no filing fees in Federal Civil Rights Court").[9]

In addition, Mr. Falstad's frivolous litigation has unnecessarily taxed the judiciary. The Court's time is a public resource that should not be squandered. *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986). Mr. Falstad's filing dump of 140 cases comprised roughly 1/6 of the cases in this courthouse for the year to that date.[10] Simply scanning and docketing all of the

---

[8] The filing fee is $402 and is due in each case, so Mr. Falstad essentially sought to evade $56,280 in filing fees. *See* Docket No. 4 at 29-30 & n.2.

[9] The undersigned focuses herein on the baselessness of Mr. Falstad's positions as to his ability as a non-attorney to bring suit on behalf of others, his filing of complaints that were not properly signed, and his initiation of lawsuits without paying the filing fee or filing an application to proceed *in forma pauperis*. The undersigned will not address the merits of the lawsuits in depth, but notes that they appear to face obvious hurdles that would include issues related to improper venue, *see, e.g.*, *Trottier v. Knapp*, No. 2:21-cv-00822-JAD-NJK, Docket No. 8 (D. Nev. Aug. 3, 2021) (transferring case to Minnesota); the naming of federal entities as defendants, *see, e.g.*, *Graber v. U.S. Postal Services, Postmaster General*, No. 2:21-cv-00833-JAD-NJK, Docket No. 1-1 (D. Nev. May 3, 2021); *but see United States v. Snarr*, 704 F.3d 368, 384 (5th Cir. 2013) (collecting cases that the ADA does not apply to the federal government); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government"); *United States v. Wishart*, 146 Fed. Appx. 171, 173 (9th Cir. 2005) (unpublished) ("By definition, the ADA does not apply to the federal government"); the filing of claims that may be untimely, *see, e.g.*, *DeVries v. Mikklesen*, No. 2:21-cv-00741-JAD-NJK, Docket No. 1-1 at 7 (D. Nev. May 3, 2021) (bringing claim based on premises visit in 2012); *but see Sharkey v. O'Neal*, 778 F.3d 767, 771-72 (9th Cir. 2015) (applying state law as to statute of limitations for ADA claims); and the filing of suits as to which there appears to be no case or controversy, *see, e.g.*, *Larson v. Triple Five Group*, No. 2:21-cv-00824-JAD-NJK, Docket No. 1-1 at 7-8 (D. Nev. May 3, 2021) (alleging structural violation of the ADA based on temporary conditions arising from renovation expected to be completed in August 2015); *but see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (addressing mootness doctrine).

[10] In the year immediately preceding Mr. Falstad's filings, the two courthouses in this District (Las Vegas and Reno) combined for a total of 2,959 civil cases. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2021.pdf. Hence, Mr. Falstad's cases account for roughly 5% of the total cases one would expect for an entire

7

complaints that Mr. Falstad filed took several days of work by staff, *see, e.g.*, Docket No. 4 at 29 n.1, not to mention additional hours in administrative time expended issuing rulings in all 140 cases and otherwise tending to these cases. On top of the administrative burden, Mr. Falstad's conduct has required the undersigned to devote significant judicial resources into reviewing his filings and fashioning appropriate rulings. The assigned district judge will likewise be burdened in reviewing the reports and recommendations, as well as any objections thereto. That Mr. Falstad has burdened the Court with his frivolous cases cannot be tolerated because those resources could have been expended in considering the potentially meritorious claims of other litigants. *See De Long*, 912 F.2d at 1148.

The undersigned also finds that other sanctions are not adequate to protect the judiciary from Mr. Falstad's conduct. At first blush, one would assume that a vexatious litigant order would not be necessary to prevent conduct that implicates criminal statutes. *See* N.R.S. 7.285 (providing criminal penalties for the unauthorized practice of law). Nonetheless, the existence of this criminal statute proved an ineffective deterrent to prevent Mr. Falstad from filing these 140 suits. Moreover, despite the Court raising concern that Mr. Falstad's conduct may violate this criminal statute, Docket No. 3 at 1, Mr. Falstad has continued to press for relief on the claims he has filed, *see, e.g.*, Docket No. 7 at 1 (upon the undersigned not meeting with Mr. Falstad, demanding action from the assigned district judge on the claims asserted).[11]  Indeed, Mr. Falstad has even suggested that his desire to proceed should override a plaintiff's voluntary dismissal of one of these cases. *Kenyon v. Portela*, No. 2:21-cv-00768-JAD-NJK, Docket No. 5 at 1 (D. Nev. May 25, 2021) (griping that the ADA "is not some trivia [sic] matter to dismiss, as I see in number 2:21-ev-00768-

---

year in both divisions of this District combined. Moreover, the 140 cases that Mr. Falstad filed in one day appear to be the tip of the iceberg for his litigation plans. *See, e.g.*, Docket No. 8 ("My business plan has 1000 this year then 2000 and the 3rd year 5000"). Allowing Mr. Falstad to inundate this District with thousands of cases would be catastrophic to the ability to devote judicial resources to the cases filed by other litigants.

[11] Upon issuance of the order to show cause, Mr. Falstad was prohibited from filing new complaints on an interim basis. Docket No. 3 at 1. To the undersigned's knowledge, no new suits have been filed since that time.

JAD-NJK [sic]").[12] In short, a prefiling injunction is necessary to protect the judiciary from Mr. Falstad's conduct.[13]

### D. Narrowly-Tailored Prefiling Order

In light of the above, a prefiling order is warranted. The Court must therefore craft a prefiling order that is as narrowly tailored as possible to address the vexatious conduct at issue. An order is narrowly tailored where it preserves the litigant's right to adequate, effective and

---

[12] It is important to mention that Mr. Falstad is also potentially harming the persons he purports to represent. It is readily apparent that his conduct has caused emotional distress in some plaintiffs who believe Mr. Falstad's filings are fraudulent attempts to benefit from their own difficulties in navigating life as disabled people (or as those caring for disabled people). *See Kenyon v. Portela*, No. 2:21-cv-00768-JAD-NJK, Docket No. 4 at 1 (D. Nev. May 13, 2021); *Amorello v. Kessler*, No. 2:21-cv-00777-JAD-NJK, Docket No. 4 (D. Nev. May 17, 2021); *McArdle v. Cazenovia Props., LLC*, No. 2:21-cv-00787-JAD-NJK, Docket No. 4 at 2 (D. Nev. June 2, 2021). Moreover, the record appears to show that Mr. Falstad misrepresented to the would-be plaintiffs that any case would be brought by attorneys. *See, e.g.*, Docket No. 16 at 3 (unsigned "engagement letter" indicating that, *inter alia*, "[y]our choice of local counsel will be added in the litigation of your claim"); *Barnes-Boers v. First Street School*, No. 2:21-cv-00747-JAD-NJK, Docket No. 1-1 at 12 (D. Nev. May 3, 2021) (email from Mr. Falstad to the would-be client: "Your signed 'Engagement Letter" is in hand and the ACCESS Program is underway. *The ADA litigating attorney* is on board. The Compliant [sic] of Declaratory and Injunctive Relief is being prepared. . . . I want to get the complaint into the hands of *the ADA litigating attorney* next week for his review. . . . The ACCESS ADA Accessibility Inspection Survey will be prepared and forwarded to *the ADA litigating attorney* and the case will be filed in Federal Court." (emphasis added)).

At bottom, Mr. Falstad is a non-attorney who has no business trying to represent anyone else in federal court. *See, e.g.*, Docket No. 10 ("We use the work [sic] 'Plaintiff,' and in the Federal Court, I do not know what it means, I am an ADA architect. . . . We use the word 'standing,' and in Federal Court, I do not know what it means, I am an ADA architect . . ."). Indeed, Mr. Falstad's ill-advised filings exposed the personal identifying information of some of the litigants because he failed to properly redact the complaints. *See, e.g.*, *Barnes-Boers v. First Street School*, No. 2:21-cv-00747, Docket No. 1-1 at 10 (D. Nev. May 6, 2021) (complaint that Mr. Falstad filed on the public docket identifying the full name and birthdate of a minor); *but see* Fed. R. Civ. P. 5.2(a); Local Rule IC 6-1(a)(2)-(3). Although the Clerk's Office was able to take action in an attempt to protect that information after-the-fact, *see, e.g.*, *Barnes-Boers v. First Street School*, No. 2:21-cv-00747, Docket No. 3 (D. Nev. May 7, 2021), it was Mr. Falstad's responsibility as the filer to not include such sensitive information in a public filing, Local Rule IC 6-1(c).

[13] The other considerations outlined by the Ninth Circuit (*i.e.*, the litigant's motives and status of counsel representation) do not warrant a different outcome here. Although not entirely clear, it appears that Mr. Falstad may have been motivated to file suit for his own financial gain. *See, e.g.*, Docket No. 1-1 at ¶ 26 ("Plaintiff has retained the undersigned architect and is entitled to recover architect's costs"). Moreover, even assuming that Mr. Falstad might hold some subjective belief as to the merits of these cases, there is not an objective basis on which he could believe he will prevail regardless of any such subjective belief. *See Molski*, 400 F.3d at 1058 (pointing to consideration of the litigant's motive, including whether he has an "objective good faith expectation" of prevailing). Lastly, the Court has considered Mr. Falstad's status as a *pro se*, but that does not change the outcome here. *See, e.g.*, *O'Neil v. N.Y.*, 2021 WL 1555040, at *5 n.10 (D. Nev. Mar. 24, 2010), *adopted*, 2021 WL 1554323 (D. Nev. Apr. 20, 2021).

meaningful access to the court, while protecting the court from abuse. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

The 140 cases filed by Mr. Falstad all have two common denominators: he sought to initiate litigation by (1) filing complaints that were not signed by a plaintiff or attorney and (2) for which no filing fee was paid or application to proceed *in forma pauperis* was filed. The Court trusts that a prefiling injunction targeting that specific behavior should be sufficient to protect the Court from Mr. Falstad's abuse moving forward.

## III.  CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Mr. Falstad be **DECLARED VEXATIOUS** for the purpose of issuing a prefiling order. In particular, it is recommended that the Court issue a vexatious litigant order directing the Clerk's Office to not accept for filing any complaint submitted by Mr. Falstad that is not signed by the plaintiff or a licensed attorney, or with which no filing fee is submitted or an application to proceed *in forma pauperis* is submitted for contemporaneous filing, unless he first obtains leave from a judge of this Court. Before Mr. Falstad may initiate such an action, he must first file a motion for leave to file a complaint. Mr. Falstad must submit a copy of this Court's vexatious litigant order and a copy of the proposed complaint with any such motion. If the Court does not grant Mr. Falstad written permission to file a complaint within thirty days of the date of such motion, permission will be deemed denied.

Dated: August 3, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).